

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| THE STATE OF TEXAS, | | No. 08-13-00081-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Criminal Court No. 2 |
| | § | |
| GABRIEL PIMENTEL, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20120C06459) |
| | § | |

**O P I N I O N**

The State of Texas is appealing an order suppressing a blood test and its results. Finding that the State failed to establish the application of a valid exception to the warrant requirement, we affirm the suppression order.

**FACTUAL SUMMARY**

El Paso police officers were dispatched to an accident which occurred when a motorcycle operated by Gabriel Pimentel ran into the back of a car stopped at a red light. Pimentel was injured and had what one officer described as an "obviously broken" leg. Paramedics attempted to treat Pimentel but he was combative and yelling at them while trying to stand up. The officers and paramedics smelled the odor of alcohol on Pimentel's breath as he was yelling at them. Additionally, Officer Armando Castaneda observed that Pimentel's eyes were bloodshot and his speech was "staggered." With the assistance of the police officers, the paramedics loaded

Pimentel into an ambulance and transported him to a hospital. Officer Andres Rodriguez went to the hospital with the intention of talking with Pimentel after his injuries were treated. Officer Rodriguez was unable to speak with Pimentel at the hospital because he continued to be combative with medical personnel and he was unable to answer the questions asked of him by the doctor who was attempting to treat him. Consequently, medical personnel sedated Pimentel which rendered him unconscious. The EMS personnel and the nurses at the hospital told Officer Rodriguez that Pimentel had a strong odor of alcohol on his breath. Based on the totality of the circumstances, Officer Rodriguez concluded that he had probable cause to arrest Pimentel for driving while intoxicated. One of the nurses drew Pimentel's blood at Officer Rodriguez's request and it was tested to determine the alcohol concentration. Pimentel filed a written motion to suppress on multiple grounds including that he was arrested without a warrant or probable cause and he was subjected to a warrantless search. At the suppression hearing, Pimentel cited *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) and the Missouri Supreme Court's decision in *Missouri v. McNeely*, 358 S.W.3d 65 (Mo. 2012)[1] in support of his contention that the blood test evidence should be suppressed because the State had failed to prove exigent circumstances. The trial court granted the motion to suppress and entered written findings of fact and conclusions of law.

## WARRANTLESS BLOOD DRAW

In its sole issue, the State challenges the trial court's order suppressing the blood test evidence.

---

[1] The suppression hearing took place in February of 2013. The United States Supreme Court heard arguments in *Missouri v. McNeely* in January 2013 but it did not issue the decision until April 2013.

*The Court's Fact Findings and Legal Conclusions*

The trial court made the following fact findings: (1) Officer Armando Castaneda was dispatched to an accident on or after 9:00 p.m.; (2) Officer Castaneda arrived at the scene and found an automobile and motorcycle involved in an accident and an individual on the ground; (3) EMS was present at the scene attending to Pimentel's injuries; (4) Officer Castaneda testified that the defendant was a "little bit combative" with EMS personnel at the scene; (5) Officer Castaneda noticed an odor of alcohol when he was near Pimentel; (6) Officer Castaneda did not place Pimentel under arrest; (7) Officer Robert Paredes was dispatched to the scene of the accident at approximately 11:00 p.m. and observed Fire Medical Services attending to Pimentel while Pimentel was yelling at FMS personnel and Officer Paredes smelled a strong odor of alcohol; (8) Officer Paredes did not read the DIC-24 to Pimentel or place him under arrest; (9) Officer Andres Rodriguez was dispatched to the scene of the accident to assist; (10) Officer Rodriguez observed the same facts as Castaneda and Paredes; (11) Pimentel was not placed under arrest prior to being placed in the ambulance and transported to the hospital; (12) Officer Rodriguez did not place Pimentel under arrest; (13) Officer Rodriguez did not read the DIC-24 to Pimentel and he asked a nurse to draw Pimentel's blood without a warrant; (14) Officer Rodriguez testified there was no emergency in drawing Pimentel's blood; and (15) Pimentel was charged with driving while intoxicated. The trial court made the following conclusions of law: (1) Pimentel was not placed under arrest; (2) the officers did not obtain a search warrant for Pimentel's blood; (3) the State did not establish there was an emergency to draw Pimentel's blood without a warrant; (4) Pimentel was not read any warnings prior to the blood draw; and (5)

the blood draw violated Pimentel's right to be free from unreasonable searches and seizures.

## STANDARD OF REVIEW

At a suppression hearing, the trial judge is the sole and exclusive trier of fact and may choose to believe or disbelieve any or all of the evidence presented before it. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex.Crim.App. 2011); *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002). We review a ruling on a motion to suppress using a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010); *Guzman v. State*, 955 S.W.2d 85, 87-91 (Tex.Crim.App. 1997). Under this standard, the trial court's findings of historical fact must be afforded almost total deference provided they are supported by the record. *Valtierra*, 310 S.W.3d at 447; *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). We also defer to the court's determination of mixed questions of law and fact that turn on an assessment of a witness's credibility or demeanor. *Valtierra*, 310 S.W.3d at 447; *Amador*, 221 S.W.3d at 673. We will review *de novo* the trial court's determination of legal questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor. *See Valtierra*, 310 S.W.3d at 447; *Amador*, 221 S.W.3d at 673.

## WARRANTLESS NONCONSENSUAL BLOOD DRAW

A warrantless search of the person, such as the taking of a blood sample, is reasonable under the Fourth Amendment only if it falls within a recognized exception. *Missouri v. McNeely*, --- U.S. ---, 133 S.Ct. 1552, 1558, 185 L.Ed.2d 696 (2013); *see Schmerber v. California*, 384 U.S. 757, 770, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The exceptions include voluntary consent to search and search under exigent circumstances. *McGee v. State*, 105

S.W.3d 609, 615 (Tex.Crim.App. 2003).  "[T]he warrant requirement is not lightly set aside, and the State shoulders the burden to prove that an exception to the warrant requirement applies." *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex.Crim.App. 2007).

While consent to search is a recognized exception to the requirement of a warrant, Pimentel did not consent to the blood draw.  Further, the implied consent statute found in Chapter 724 of the Transportation Code is inapplicable to this case.  Section 724.011 of the Texas Transportation Code, which is also referred to as the implied consent statute, provides, in relevant part, that:

> (a) If a person is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place, or a watercraft, while intoxicated . . . the person is deemed to have consented, subject to this chapter, to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration or the presence in the person's body of a controlled substance, drug, dangerous drug, or other substance.

TEX.TRANSP.CODE ANN. § 724.011(a)(West 2011).  Under Section 724.011's plain language, a person is deemed to have consented only where it is shown that the person was arrested.  *See Knisley v. State*, 81 S.W.3d 478, 482 (Tex.App.--Dallas 2002, pet. ref'd)("Under the implied consent statute, consent is not implied *absent an arrest*.").  Section 724.014, which is entitled "Person Incapable of Refusal," provides that:

> (a) A person who is dead, unconscious, or otherwise incapable of refusal is considered not to have withdrawn the consent provided by Section 724.011.

TEX.TRANSP.CODE ANN. § 724.014(a).  Section 724.014 operates to prevent the withdrawal of consent implied under Section 724.011.  Given that consent is not implied under Section 724.011 unless the suspect is arrested for one of the specified offenses, it follows that Section 724.014 is

also inapplicable unless there is an arrest. *See Knisley*, 81 S.W.3d at 482. The State does not challenge the trial court's determination that Pimentel was not arrested prior to the blood draw. We conclude that Sections 724.011 and 724.014 are inapplicable to this case.[2]

A warrantless seizure of a blood sample can be constitutionally permissible if the State proves that officers have probable cause to arrest a suspect, exigent circumstances exist, and a reasonable method of extraction is available. *State v. Mosely*, 348 S.W.3d 435, 440 (Tex.App.--Austin 2011, pet. ref'd). The Court of Criminal Appeals has identified three categories of exigent circumstances: (1) providing aid or assistance to persons whom law enforcement reasonably believes are in need of assistance; (2) protecting police officers from persons whom they reasonably believe to be present, armed, and dangerous; and (3) preventing the destruction of evidence or contraband. *Gutierrez*, 221 S.W.3d at 685. This case involves the third category. Cases involving a claim of exigent circumstances to justify warrantless blood testing must be considered on a case-by-case assessment of exigency. *See McNeely*, 133 S.Ct. at 1561. As the Supreme Court stated in *McNeely*: "In those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so." *McNeely*, 133 S.Ct. at 1561.

Assuming for the sake of argument that the officers had probable cause to arrest Pimentel for driving while intoxicated and the extraction method was reasonable, the State failed to prove

---

[2] We recognize that the Court of Criminal Appeals held in *State v. Villarreal* that the implied consent and mandatory-blood-draw provisions do not establish a constitutionally valid basis for conducting a nonconsensual search in the absence of a warrant. *State v. Villarreal*, --- S.W.3d ---, 2014 WL 6734178 (Tex.Crim.App. Nov. 16, 2014, reh'g granted). The State does not rely on the implied consent statute or Section 724.014 to justify the warrantless search of Pimentel's person.

that exigent circumstances existed. It is well known that alcohol in the blood begins to dissipate shortly after the person stops drinking. *See Schmerber*, 384 U.S. at 770, 86 S.Ct. at 1836. But, in *McNeely*, the Supreme Court held that "in drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." *McNeely*, 133 S.Ct. at 1568. The record does not show what time Pimentel stopped drinking, how long Pimentel remained at the scene of the accident, how long it took to transport him to the hospital, or what time his blood was drawn. Further, the State offered no evidence to show how long it typically takes to obtain a search warrant in these circumstances. Because the State failed to establish that the delay in waiting for a warrant would significantly undermine the efficacy of the search, it failed to prove that exigent circumstances justified the warrantless search of Pimentel's person. We overrule the State's sole issue and affirm the suppression order.

June 23, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)